MILSTEIN ADELMAN, LLP
Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiff*

FILED
2011 JUN -7 P 8:11
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. S.J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE FORD-SOON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KRAFT FOODS, a Georgia Corporation; DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. **CV11-02763 HRL** <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* <br> 2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* <br> 3. BREACH OF WARRANTY <br> 4. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, JEANNETTE FORD-SOON individually and on behalf of all other similarly situated purchasers of Teddy Grahams in California, brings this complaint against Defendant,

**CLASS ACTION COMPLAINT**

KRAFT FOODS, INC., an Illinois Corporation and DOES 1–10, inclusive (collectively "Defendant" of "Kraft"), and alleges as follows:

## VENUE AND JURISDICTION

1. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the jurisdiction of the Federal Courts over any class action in which any member of the Plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of the individual members of the Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

2. As set forth below, Plaintiff is a citizen of California, and Kraft Foods can be considered a citizen of a state other than California. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts and transacts substantial business in, and may be found in, this District, and Plaintiff purchased the subject product of this action in this District. The "Declaration of Sara D. Avila, Pursuant to Civil Code §1780(c) of the Consumers Legal Remedies Act, Civil Code §§1750 et seq." regarding venue under the California Consumers Legal Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

## NATURE OF THE ACTION

4. Teddy Grahams are bear shaped graham cracker snacks created by Nabisco (the "Product."). Nabisco one of Kraft Foods' billion dollar brands. Kraft acquired Nabisco in December 2000.

5. Teddy Grahams come in a variety of flavors, such as honey, cinnamon, chocolate and chocolatey chip.

CLASS ACTION COMPLAINT

6. Defendants have stated and continue to state that Teddy Grahams contains ingredients that will "Help Support Kids' Growth and Development." This statement is made on the front of the Product's package, as well as the Product's marketing, advertising and website.

7. Defendants' packaging, marketing and advertising of the Product conveys a single and consistent false and misleading message to consumers: that eating Teddy Grahams will help support a child's growth and development.

8. As a result of the misleading message conveyed through its packaging, marketing and advertising of Teddy Grahams, Defendants have deceived consumers into purchasing Teddy Grahams at a significant premium price above competing snack products.

9. Defendants' false and misleading statements should be enjoined in the face of scientific and other evidence that undercuts Defendants' claims that feeding kids Teddy Grahams will help support growth and development.

**PARTIES**

10. Plaintiff, JEANNETTE FORD-SOON, is an individual who is over the age of eighteen and is a resident of this District. JEANNETTE FORD-SOON resides in California and she is a citizen of this State. Plaintiff purchased Nabisco's Teddy Grahams crackers ("the Product") in this district for herself and two of her minor grandchildren. In so purchasing, Plaintiff read and relied on Defendants' statement on the front of the package that the Product contains ingredients to "Help Support Kids' Growth and Development." This was a substantial factor in Plaintiff's decision to purchase the Product. Indeed, Plaintiff paid more money for the Teddy Grahams than she might otherwise have been willing to pay if the product had been labeled correctly (i.e. had the label reflected that the Product does not in fact help support kids' growth and development." The value of the Teddy Grahams Plaintiff actually received was less than the money she paid for because the representation regarding the Products' ability to support kids' growth and development was false.

11.  Kraft Foods is a corporation organized and existing under the laws of the State of Virginia with its principle place of business in terms of where its main place of operations and where its primary executives and nerve center is located at 3 Lakes Drive, Northfield, IL 60093-2000. Kraft conducts substantial transactions and business throughout this State and this District by advertising and through the extensive use of distribution channels that deliver and sell the Product to consumers. At all times relevant herein, these distributors and retailers acted as Defendant's agents, servants, and employees, and at all times relevant herein, were acting within the purpose and scope of that agency and employment.

12.  Plaintiff also name Does 1–10 as Defendants in this action, whose names and roles in this controversy have not presently been ascertained. At all times relevant herein, these Doe Defendants, along with Kraft and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants, and employees of each, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

13.  Whenever reference in this Complaint is made to any act or transaction of the Defendant, such allegation shall also include the principals, officers, directors, employees, agents, and/or representatives of Defendant who committed, knew of, performed, authorized, ratified and/or directed such acts or transactions on behalf of Defendant while actively engaged in the scope of their duties.

## FACTUAL ALLEGATIONS

14.  Teddy Grahams are bear shaped graham cracker snacks created by Nabisco (the "Product."). Nabisco one of Kraft Foods' billion dollar brands. Kraft acquired Nabisco in December 2000. (http://www.kraftfoodscompany.com/Brands/largest-brands/brands-N/nabisco.aspx, last viewed February 17, 2011). Teddy Grahams come in a variety of flavors, such as honey, cinnamon, chocolate and chocolatey chip.

15.  Defendants have stated and continue to state that Teddy Grahams contains ingredients that will "Help Support Kids' Growth and Development." This statement is made

on the front of the Product's package, as well as the Product's marketing, advertising and website.

16. The following is a copy of the front packaging of Defendant's "Honey" flavored Teddy Grahams:



17. Defendants' packaging, marketing and advertising of the Product conveys a single and consistent false and misleading message to consumers: that eating Teddy Grahams will help support a child's growth and development.

18. Defendants' "Growth and Development" claim is false and misleading because the amount of calcium, iron and/or zinc contained in Teddy Grahams is not sufficient to support a child's growth or development.

19. Defendants' "Growth and Development" claim is false and misleading because it lacks any ingredients that are sufficient to support a child's growth or development.

**CLASS ACTION COMPLAINT**

20. Defendants' "Growth and Development" claim is false and misleading because Defendants have no competent or reliable scientific evidence supporting their "Growth and Development" claims. Indeed, Defendants knew that eating Teddy Grahams would not support growth and development in children. Therefore, Defendants omitted a material fact from Plaintiff and the Class.

21. Plaintiff and others thus purchased the Product and paid more for it than they would have based on the true facts, suffering damage, injury in fact and a loss of money or property as a result thereof.

22. Defendants have benefited from its unlawful acts by receiving excessive revenue derived from the sales of the Product herein alleged. Defendants appreciated and/or knew the benefits of the receipt of such excessive revenue.

23. Despite the fact that Defendants knew the Product did not "Help Support Kids' Growth and Development," Defendants marketed, advertised, and sold the product as possessing that characteristic, nonetheless, thereby providing unlawful and unjust excessive revenue to Defendants.

24. This excessive revenue has been received by Defendants at the expense of Plaintiff and other members of the Class, under circumstances in which it would be unjust for Defendants to be permitted to retain said benefits.

25. In this regard, Defendants did not provide Plaintiff or other members of the Class what they bargained for. The Product is worth less than Plaintiff and other members of the Class paid for it. Plaintiff has made a demand for the return of such monies, but that has been refused.

26. Plaintiff and other members of the Class are entitled to the establishment of a constructive trust consisting of the benefits conferred upon Defendants in the form of its excessive revenue derived from the sale of the Product, from which Plaintiff and other Class members may make claims on a *pro rata* basis for restitution.

## CLASS ALLEGATIONS

27. Pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(2) and (b)(3), Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of all persons in California (and such others as the Court may determine to be appropriate) who have purchased the Product for personal use during the Class Period ("Class"), which is the period from February 18, 2006 to present.

28. Defendant's practices and omissions were applied uniformly to all members of the Class such that the questions of law and fact detailed here are common to all members of the Class.

29. The members of the Class are so numerous that joinder of all members individually would be impractical, if not impossible.

30. Questions of law and fact common to the Class predominate over questions affecting only individual members, including, *inter alia*:

    a. Whether Defendants' conduct is an unlawful business act or practice within the meaning of CAL. BUS. & PROF. CODE § 17200, *et seq.*;

    b. Whether Defendants' conduct is a fraudulent business act or practice within the meaning of CAL. BUS. & PROF. CODE § 17200, *et seq.*;

    c. Whether Defendants' advertising is untrue or misleading within the meaning of CAL. BUS. & PROF. CODE § 17500, *et seq.*;

    d. Whether Defendants possess competent and reliable scientific evidence to support their label and advertising claims made regarding the Products;

    e. Whether Defendants made false and misleading representations in their advertising and labeling of the Products;

    f. Whether Defendants failed to disclose that the Products may not actually support a child's growth and/or development;

  g. Whether Defendants knew or should have known that the representations and omissions were false;

  h. Whether Defendants' misrepresentations and omissions were likely to deceive a reasonable consumer;

  i. Whether Defendants represented that the Product was of a particular standard, quality, or grade when they are of another; and

  j. Whether Defendants represented that the Product has characteristics, benefits, uses, or quantities which it does not have.

31. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same common course of conduct by Defendant, and the relief sought is common. All members of the Class were and are similarly affected by having purchased the Product, and the relief sought herein is equally for the benefit of Plaintiff and members of the Class as well as the general public.

32. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class in that she has no interests that are antagonistic to or that materially conflict with those of the other Class members. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

33. Certification of this class action is appropriate because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members, making class litigation superior to any other method available for the fair and efficient group-wide adjudication of these claims. Absent a class action, it would be highly unlikely that Plaintiff or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might any exceed expected individual recovery.

34. Certification also is appropriate because Defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate the equitable and

injunctive relief sought on behalf of the Class as a whole, particularly when measured against the individual value of the Class members' claims. Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

35. A class action is therefore the most fair and appropriate method for the adjudication of the controversy, as it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

36. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be asserted with regard to the management of this class action.

## FIRST CAUSE OF ACTION:

## VIOLATIONS OF BUS & PROF. CODE § 17200 *ET SEQ.*

### (By Plaintiff as against all Defendants)

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

19. This cause of action is brought pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

20. Defendant committed unfair business acts or practices by making the statement that the Product can "Help Support Kids' Growth and Development." The utility of Defendant's practices described above is negligible, if any, when weighed against the harm to Plaintiffs, members of the Class, and the general public.

21. The harmful impact upon members of the general public and the Class who purchased and used the Product outweighs any reasons or justifications by Defendant for the deceptive labeling practices employed to sell the Product as described herein, considering the reasonably available alternatives. Preventing such conduct or redressing it is tied to a legislatively declared policy of not permitting the mislabeling or advertising of products, as set forth in the various laws detailed below.

22. The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively concealed from the public in Defendant's labeling, advertising, and/or marketing of the Product.

23. Defendant committed unfair business acts or practices by making the statement that the Product can "Help Support Kids' Growth and Development," when in fact it does not. Such acts and practices have a capacity, tendency, and/or likelihood to deceive or confuse reasonable consumers into believing such objective statements of fact are accurate, when in fact they are not.

24. Defendant also committed an unlawful business act or practice by violating the FAL and CLRA and by engaging in systematic breaches of warranty as set forth in detail below, as well as by mislabeling food products in violation of California's Sherman Food, Drug, and Cosmetic Safety Act, Cal. Health and Safety Code, Sections 110620 *et seq*. These violations constitute *per se* violations of this prong of the UCL.

25. As a purchaser and consumer of Defendant's Product who suffered injury in fact and a loss of money or property as a result of Defendant's acts of unfair competition from purchasing the Product at the prices, that Plaintiff did, as detailed above, Plaintiff has standing to assert the claims made herein on behalf of the Class and seek all available remedies under the UCL.

26. Defendant's sales and marketing practices thus constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

27. Pursuant to California Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and all others similarly situated for the benefit of the public, seeks an order of this Court:

    a. Enjoining Defendant from continuing to engage, use, or employ business acts or practices found by this Court to be unfair, deceptive and/or unlawful, related to the marketing, advertising, labeling and sale of the Product for the sole purpose of selling its Product in such manner as set forth in detail above; and

    b. Restoring all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

28. Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

29. As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

30. Pursuant to California Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## SECOND CAUSE OF ACTION:

## VIOLATIONS OF BUS. & PROF. CODE §17500 *ET SEQ.*

**(By Plaintiff as against all Defendants)**

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

32. In violation of California Bus. & Prof. Code §17500, Defendant has disseminated, or caused to be disseminated, deceptive labeling representations promoting the Product as being able to "Help Support Kids' Growth and Development."

33. Defendant's representations made in the labeling and/or marketing of the Product are misleading as set forth above.

34. Plaintiffs, on information and belief, allege that Defendant continues to disseminate, or causes to be disseminated, such misleading statements alleged herein.

35. Defendant's labeling representations for the Product are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §17500 et seq. The representations are likely to deceive, and continue to deceive, reasonable consumers.

36. In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were misleading, and acted in violation of California's Bus. & Prof. Code §17500 et seq.

37. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the Class Members have suffered substantial monetary and non-monetary damage.

38. Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of themselves and members of the general public, seeks an order of this Court:

    a. Enjoining Defendant from continuing to engage, use, or employ acts and/or practices found by this Court to be deceptive, related to the marketing, advertising and sale of the Product for the purpose of selling its Product in such manner as set forth in detail above; and

    b. Restoring all monies that may have been acquired by Defendant as a result of such deceptive acts and/or practices.

39.     As a result of Defendant's violations of the FAL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

40.     Pursuant to California Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## THIRD CAUSE OF ACTION:

## BREACH OF EXPRESS WARRANTY

### (By Plaintiff as against all Defendants)

41.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

42.     Plaintiffs, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased the Product. The terms of that contract include the promises and affirmations of fact made by Defendant on its Product labels, described above, and through its marketing campaign. The Product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

43.     All conditions precedent to Defendant's liability under this contract, including notice, have been performed by Plaintiff and the Class.

44.     Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a product which could provide the promised benefits described above, such that it can "Help Support Kids' Growth and Development."

45.     As a result of Defendant's breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Product at issue.

## FOURTH CAUSE OF ACTION:

## FOR VIOLATIONS OF THE CLRA

**(By Plaintiff as against all Defendants)**

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

47. This cause of action is brought pursuant to the CLRA.

48. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code §1761(d).

49. The purchases of the Product by Plaintiff and each member of the Class were and are "transactions" within the meaning of Civil Code §1761(e).

50. Defendant's marketing, promotion, and sales of the Product within California, as alleged herein, violated and continues to violate the CLRA in at least the following respects as set forth in detail above:

    (a) In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have, such that the Product can "Help Support Kids' Growth and Development."

    (b) In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade (being able to "Help Support Kids' Growth and Development"), when it does not possess that characteristic for the factual reasons stated above; and

    (c) In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised because it was advertised as being able to "Help Support Kids' Growth and Development," when it cannot.

CLASS ACTION COMPLAINT

51.  Plaintiff, by and through counsel, notified Defendant in writing of the particular violations of Section 1770 of the CLRA and demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands. Defendants failed to take corrective action within the time prescribed by the CLRA. Thus Plaintiff seeks statutory damages, actual damages, plus punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA.

52.  Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the injunctive relief described above, as well as costs, attorney's fees and any other relief that the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, pray for relief pursuant to each cause of action set forth in this Complaint as follows:

1.  For an order certifying that the action may be maintained as a class action, certifying Plaintiff as the representative of the Class, and designating their counsel as counsel for the Class;

2.  For an award of equitable relief as follows:

    (a) Enjoining Defendant from making any claims for the Products found to violate the UCL, FAL or CLRA as set forth above;

    (b) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint; and

    (c) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.

    (d) Awarding Plaintiff statutory damages, compensatory damages and punitive damages.

3.  For an award of attorney's fees pursuant to, inter alia, §1780(d) of the CLRA and

California Code of Civil Procedure §1021.5.

7. For an award of costs and any other award the Court might deem appropriate; and

8. For pre- and post-judgment interest on any amounts awarded.

DATED: June 7, 2011

Respectfully submitted,

Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
**MILSTEIN ADELMAN, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 7, 2011

Respectfully submitted,

Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
**MILSTEIN ADELMAN, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
*Attorneys for Plaintiff*